U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

SEP 1 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-50110-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| KENYOUN GILYARD | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed by defendant, Kenyoun Gilyard. For the following reasons, defendant's motion is **DENIED**.

## STATEMENT OF THE CASE

On June 28, 2006, a federal grand jury returned a ten-count indictment against Defendant Kenyoun Gilyard ("Gilyard") and three other individuals charging them with offenses related to crack cocaine. Defendant Gilyard was named in five counts. Counts 1 and 2 charged him with conspiracy to distribute crack cocaine, Counts 3 and 4 charged him with possession with intent to distribute cocaine, and Count 5 charged him with possession with intent to distribute crack cocaine. On March 23, 2007, Gilyard pled guilty to Count 1 and the remaining counts of the indictment were dismissed on the motion of the United States. Gilyard was sentenced to 312 months imprisonment, required to complete 500 hours in a substance abuse program, and ordered to pay a $100 fine.

After Gilyard was sentenced, he appealed to the Fifth Circuit wherein he asserted that (1) the district court exceeded its jurisdiction by imposing a sentence above the statutory minimum, (2) the district court erred in applying a four-point enhancement based on his leadership role in the offense, and that (3) the evidence was insufficient to support a finding of use or possession of firearm in

furtherance of a conspiracy. *See* Record Document 120, p.3. The Fifth Circuit affirmed Gilyard's conviction. The defendant then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on May 19, 2008. Through his § 2255 motion, Gilyard now asserts claims of ineffective assistance of counsel for his counsel's failure (1) to "present rebuttal evidence to PSI objections" and (2) to "file for en banc review or writ of certiorari." Record Document 120, p.6.

## LAW AND ANALYSIS

To prevail on a claim of ineffective assistance of counsel, Gilyard has the burden to demonstrate (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *Bryant v. Scott*, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, Gilyard must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Under the second prong, he must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). If Gilyard fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must fail. *See Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997); *Bryant*, 28 F.3d at 1415; *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994).

In the present matter, Defendant has failed to state any facts or present any evidence whatsoever in order to demonstrate that the alleged errors fell below an objective standard of reasonableness or that the alleged errors were prejudicial. *See* Record Document 120. The Fifth Circuit has repeatedly held that "[c]onclusory allegations are insufficient to raise cognizable claims

of ineffective assistance of counsel." *U.S. v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)). Thus, Gilyard's mere assertions of ineffective assistance of counsel cannot overcome the strong presumption "that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy. *Strickland*, 527 F.3d at 519.

## CONCLUSION

After having accepted Gilyard's guilty plea, having presided over Gilyard's sentencing, and now having reviewed defendant's motion, this Court finds that Gilyard has failed to establish ineffective assistance of counsel. Accordingly, defendant's §2255 motion is **DENIED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE